UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

**MICHAEL KUTZBACK**, individually
and on behalf of others similiarly situated,

Case No.: 2:22-cv-2025

Plaintiff,

v.

**RIVIANA FOODS, INC.**,
a foreign profit corporation,

Defendant.

### COLLECTIVE ACTION FLSA COMPLAINT
### AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Kutzback, on behalf of himself and other similarly situated employees, hereby files this Collective Action Complaint against Defendant, Riviana Foods, Inc. ("Riviana"), a foreign profit corporaton and in support thereof, and states as follows:

### INTRODUCTION

1. This is a collective action lawsuit for unpaid wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and 29 U.S.C. §216(b).

2. Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit A** to this Complaint.

### JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime wages, liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

4. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

5. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff works/worked as a non-exempt laborer for Defendant from approximately July 2015 to the present.

8. At all relevant times, Plaintiff was a resident within the jurisdiction of the Western District of Tennessee.

9. At all relevant times, Defendant was, and continues to be a Texas foreign profit corporation that conducts substantial and not isolated business in Tennessee.

10. At all relevant times, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, Plaintiff was engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13. At all relevant times, Defendant was the "employer" within the meaning of FLSA.

14. At all relevant times, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue for Defendant is and was in excess of $500,000 per annum for all relevant time periods.

17. At all relevant times, Defendant had more than two employees handling, packaging, or otherwise working on goods or materials that were produced for commerce.

18. At all relevant times, Plaintiff was subject to individual coverage under the FLSA.

19. The additional persons who may become Plaintiffs in this action are all hourly paid laborers who worked for Defendant in Tennessee that are/were not paid their full overtime compensation for all hours worked in excess of forty (40) hours in one or more workweeks from August 24, 2018 to present.

20. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

21. Defendant is "America's largest processor, marketer, and distributor of branded and private label rice products."

22. Defendant hired Plaintiff to work as "machine operator" in approximately July 2015.

23. Since 2015, Plaintiff has continued to work for Defendant as a non-exempt laborer.

24. Throughout Plaintiff's employment with Defendant, Plaintiff's primary job duties include packaging food products.

25. Plaintiff has been compensated on an hourly basis throughout the duration of his employment with Defendant.

26. Plaintiff worked in excess of forty (40) hours within a given workweek in various

workweeks from August 28, 2018 to present.

27. Plaintiff, however, was not paid proper and complete overtime compensation for all hours worked in excess of forty (40) hours in one or more workweeks since August 28, 2018.

28. Defendant has implemented and enforced, *inter alia*, a "rounding" policy and practice whereby the actual work hours by their nonexempt employees are rounded up or down by set increments.

29. If Plaintiff or the putative class members clock-in before their set increment, however, they are not compensated for their time worked.

30. As a result of Defendant's "rounding" policy and practice, Plaintiff and similarly-situated non-exempt laborers are/were not compensated for all of their hours worked.

31. Defendant systematically paid, and continue to pay, Plaintiff and other similarly situated non-exempt employees for substantially fewer hours than they actually worked.

32. The policies, practices or schemes complained of herein were/are applicable to Plaintiff and the class members.

33. Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

34. At various material times throughout the duration of Plaintiff's employment as a non-exempt employee for Defendant, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

35. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

36. Defendant has violated Title 29 U.S.C. §216(b), at a minimum, from August 2018 to present in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks during his period of employment as a non-exempt hourly employee with Defendant; and

   b. No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per work week while Plaintiff worked as a non-exempt employee for Defendant and as provided by the FLSA.

37. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A., to represent him in the litigation.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff and the class members are/were all non-exempt hourly-paid employees of Defendant and performed the same or similar job duties as one another in Tennessee.

39. Plaintiff and the class members were subjected to the same pay practices in that they were all non-exempt employees entitled to overtime, but were routinely not compensated for all hours worked and not paid complete and full overtime compensation.

40. Defendant uniformly required all non-exempt hourly employees in the proposed class to work off-the-clock, thus failing to pay them their FLSA-mandated overtime wages.

41. Accordingly, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendant's failure to compensate its employees employed in similar positions for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failing to assure that all non-exempt hourly employees are/were paid for all hours worked and by failing to ensure that all of Defendant's non-exempt hourly employees were paid proper and complete overtime compensation.

43. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members.

44. The class members are properly defined as:

**All hourly-paid employees who work/worked for Defendant in Tennessee from August 24, 2018 to the present but are/were not paid proper and complete overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.**

45. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice of failing to pay complete and proper overtime compensation with respect to Plaintiff and the class members.

46. Specifically, despite the fact that Plaintiff brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention, Defendant has failed to pay Plaintiff and the similarly situated non-exempt hourly employees their complete and proper overtime compensation as required by the FLSA.

47. Defendant did rely upon any case law in formulating their pay practices.

48. Defendant did rely upon the FLSA in formulating their pay practices.

49. Defendant did rely upon Department of Labor Wage & Hour Opinion Letters in formulating their pay practices.

50. Defendant did rely upon the Code of Federal Regulations in formulating their pay practices.

51. Defendant did not act in good faith, and has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

52. Defendant has failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

53. Plaintiff realleges and reincorporate paragraphs 1 through 52 as if fully set forth herein.

54. From at least August 2018 to the present, Plaintiff and those similarly situated worked in excess of forty (40) hours per week in various workweeks.

55. From at least August 2018 to the present, Plaintiff and those similarly situated were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for all hours he worked in excess of forty (40) hours each work week.

56. Plaintiff and those similarly situated were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours while employed by Defendant as non-exempt hourly employees.

57. Defendant did not have a good faith basis for its failure to pay Plaintiff and the similarly situated non-exempt hourly employees full and complete overtime compensation.

58. Defendant's failure to pay Plaintiff and those similarly situated their proper and complete overtime compensation, when they knew same was required, was a willful violation of the FLSA.

59. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

60. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated, suffered and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

61. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

62. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

63. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid complete and proper overtime compensation for hours worked in excess of forty (40) in one or more workweeks, because Defendant has failed to properly pay Plaintiff, and those similarly situated to him, complete and proper overtime wages at time and one half their regular rate of pay for such hours.

64. Plaintiff demands a trial by jury.

## COUNT III
## DECLARATORY RELIEF

65. Plaintiff realleges and reincorporate paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

67. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

68. Plaintiff may obtain declaratory relief.

69. Defendant employed Plaintiff.

70. Defendant is an enterprise.

71. Plaintiff was individually covered by the FLSA.

72. Plaintiff is entitled to complete and proper overtime compensation pursuant to 29 U.S.C. §207(a)(1).

73. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

74. Plaintiff is entitled to an equal amount of liquidated damages.

75. It is in the public interest to have these declarations of rights recorded.

76. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

77. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

78. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. § 201 *et. seq.*, that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA.

    b.    Ordering Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiff as a representative of the FLSA collective action Class, and undersigned counsel as Class counsel for the same;

    c.    Ordering Defendant to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

    d.    Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and collective action class the full amount of damages and liquidated damages available by law;

    e.    Awarding Plaintiff and the collective action members overtime compensation in the amount due to them for their time worked in excess of forty (40) hours per workweek;

    f.    Awarding Plaintiff and the collective action members liquidated damages in an amount equal to the overtime award;

    g.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    h.    Awarding Plaintiff pre-judgment interest; and

    i.    Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

**MORGAN & MORGAN, P.A.**

Dated: January 20, 2022

By: /s/ *Michael N. Hanna*
MICHAEL N. HANNA
Florida Bar No.: 85035
Michigan Bar No.: P81462
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 251-1399
mhanna@forthepeople.com

*Attorney for Plaintiff*