UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| **MICHAEL KUTZBACK,** individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.: 2:22-cv-2025 – JTP-atc ) |
| v. | ) JURY DEMAND ) |
| **RIVIANA FOODS, INC.**, a foreign profit corporation, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S *UNOPPOSED* MOTION TO CONDITIONALLY
CERTIFY COLLECTIVE ACTION AND
<u>FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS</u>**

Pursuant to the Federal and Local Rules of Civil Procedure and 29 U.S.C. § 216(b), Plaintiff, Michael Kutzback, on behalf of himself and others similarly situated, respectfully request entry of an Order Granting his *unopposed* Motion to Conditionally Certify this Collective Action. The Parties engaged in extensive discussions concerning this collective action with the Court during the March 2, 2022 Telephonic Scheduling Conference. *See* Scheduling Order, ECF No. 13. Pursuant to the Court's instructions from the Telephonic Scheduling Conference and based on the Court's familiarity with this collective action, Plaintiff hereby presents this abbreviated Motion.

Plaintiff requests entry of an Order Granting Conditional Certification of this Collective Action, and permitting notice be disseminated to a putative class comprised of:

> All Current and Former Hourly-Paid employees who worked for Defendant, Riviana Foods, Inc. in Tennessee and subject to Defendant's rounding policy at any time between August 24, 2018 to the present.

After extensive negotiations and exchange of legal positions, Plaintiff's proposed notice is unopposed, and attached as **Exhibit 1.** Furthermore, Plaintiff's proposed consent to join form is also unopposed after concessions made by the Parties, is attached as **Exhibit 2**, and will likewise be disseminated with the proposed class notice to the putative collective action members.

## CONCLUSION

Given the broad remedial provisions of the FLSA, coupled with the lenient standard for conditional certification, the parties have conferred and agreed to not contest conditional certification in this matter. Accordingly, Plaintiff, with no objection from Defendant, moves for conditional certification of this matter and respectfully request this Court issue an Order:

i. Granting conditional certification and approving timely notice to the proposed class;

ii. Directing Defendant to produce a list of all members of the Putative Class by providing a list of their names, last known addresses, social security numbers if necessary, dates of employment, cell phone numbers, and email addresses in electronic and importable format (e.g., Microsoft Excel) within 14 days of entry of this Order;

iii. Authorize Plaintiff's counsel to send the Court-approved notice and reminder notice of this action to the putative class members via U.S. Mail, e-mail and text message, and requiring Defendant to post the notice in a conspicuous location in its Tennessee facilities;

iv. Approve a sixty (60) day Opt-in period during which the putative class members may join the Collective Action; and

v. any other relief that the Court deems just and appropriate.

Respectfully submitted this 22nd day of April, 2022.

By: /s/ *Michael N. Hanna*
Michael N. Hanna

Michigan Bar No.: P81462
Florida Bar No. 85035
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1953
mhanna@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed using the CM/ECF system on April 22, 2022, which I understand will send a notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna