UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL KUTZBACK,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**RIVIANA FOODS, INC.,**  )<br>)<br>Defendant.  ) | Case 2:22-cv-02025-JPM-atc<br><br>Hon. Jon P. McCalla |

**FINAL ORDER AND JUDGEMENT GRANTING JOINT
MOTION TO APPROVE FLSA SETTLEMENT**

The above-entitled matter came before the Court on the Parties' Joint Motion for to Approve FLSA Settlement ("Motion"). After reviewing the papers in support of the Motion and all other materials properly before the Court, the Court hereby finds and orders as follows:

On January 11, 2023, the Parties filed a Joint Motion for Approval of Settlement with respect to the proposed Settlement Agreement ("Settlement Agreement").

NOW, THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. There are two ways in which FLSA collective action settlements can obtain binding releases to waive the class members' FLSA claims. First, § 216(c) of the FLSA allows collective action settlements and waivers to claims under the FLSA if the payment of unpaid wages by the employer is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, § 216(b) of the FLSA allows a Plaintiff in a collective action to settle and waive claims under the FLSA when a court reviews and approves

a collective action settlement in a private action for back wages. *See* 29 U.S.C. § 216(b); *See also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946).

    2.    For the reasons set forth in the Parties' Memorandum of Law, this Court finds that the requirements of 29 U.S.C. § 216(b) are met and the Settlement Agreement is a fair, reasonable, and adequate resolution of a *bona fide* dispute under the FLSA.

    3.    The Court finds that the Settlement Agreement will allow Plaintiff and the Opt-In Plaintiffs to receive valuable compensation for their claims and avoid the risks and expense of continued litigation.

    2.    The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, the Parties' Joint Motion to Approve FLSA Settlement, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of arm's-length negotiations between the Parties. The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive. *See, e.g., Bert v. AK Steel Corp.*, No. 1:02–cv–467, 2008 WL 4693747, at *2 (S.D. Ohio Oct.23, 2008) ("The participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties.").

    3.    Based on all of these factors, the Court finds that the Settlement Agreement has no defects and is within the range of settlement approval.

    4.    The Action is dismissed with prejudice.

    5.    The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

6. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

IT IS SO ORDERED.

Dated this 27th day of February, 2023

                                         s/ Jon P. McCalla  
                                         Jon P. McCalla  
                                         United States District Judge